**In re: BILL OF LADING TRANSMISSION AND PROCESSING SYSTEM PATENT LITIGATION.**

**MDL No. 2050.**

United States Judicial Panel on Multidistrict Litigation.

June 11, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Common party R + L Carriers, Inc. (R + L) has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Southern District of Ohio. Plaintiffs in the District of Minnesota action (*PeopleNet* ) and District of Utah action (*DriverTech* ) and defendant in the Southern District of Ohio *Pegasus* action oppose centralization.

This litigation currently consists of eight actions listed on Schedule A and pending as follows: six actions in the Southern District of Ohio and an action each in the District of Minnesota and District of Utah.

On the basis of the papers filed and hearing session held, we find that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual allegations regarding R + L's U.S. Patent No. 6,401,078 (the '078 patent), which is entitled "Bill of Lading Transmission and Processing System

for Less Than a Load Carriers" and relates to a process involving the transfer of shipping documentation for a package in freight to a processing center. The validity and enforceability of the patent will likely be at issue in all eight actions. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (including on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

The parties opposing centralization argue, *inter alia*, that: (1) unique facts will likely be dispositive in each action because the alleged infringing parties and systems vary from action to action, (2) centralization will slow the progress of all actions, and (3) alternatives to centralization such as coordinated depositions of common witnesses are preferable to centralization. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. While we applaud the parties' cooperative efforts, centralization will place all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. *See In re Department of Veterans Affairs (VA) Data Theft Litigation*, 461 F.Supp.2d 1367, 1368–69 (J.P.M.L.2006). Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *See id.*

We are persuaded that the Southern District of Ohio is an appropriate transferee district for pretrial proceedings in this litigation. Six of the eight actions are already pending in the Southern District of Ohio. Additionally, R+L is based there, and potentially relevant documents and witnesses, such as the inventor of the '078

patent, are located in the district. In assigning the litigation to Judge Sandra S. Beckwith, we are entrusting this docket to a jurist who has the experience and caseload conditions necessary to steer this matter on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Ohio are transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable Sandra S. Beckwith, for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

MDL No. 2050 — **IN RE: BILL OF LADING TRANSMISSION AND PROCESSING SYSTEM PATENT LITIGATION**

*District of Minnesota*

> *Peoplenet Communications Corp. v. R+L Carriers, Inc.*, C.A. No. 0:09–144

*Southern District of Ohio*

> *R+L Carriers, Inc. v. Interstate Distributor Co.*, C.A. No. 1:08–805
>
> *R+L Carriers, Inc. v. Pegasus Transtech Corp.*, C.A. No. 1:09–177
>
> *R+L Carriers, Inc. v. Profit Tools, Inc.*, C.A. No. 1:09–178
>
> *R+L Carriers, Inc. v. Microdea, Inc.*, C.A. No. 1:09–179
>
> *R+L Carriers, Inc. v. SMARTLogix*, C.A. No. 1:09–180
>
> *R+L Carriers, Inc. v. Enterprise Information Solutions, Inc.*, C.A. No. 1:09–190

*District of Utah*

> *Drivertech, LLC v. R+L Carriers, Inc.*, C.A. No. 2:08–862